# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                              )
      v.                   )      I.D. No.     2108007590
                              )
ANTHONY FISTZGILES,    )
                              )
     Defendant.        )

Submitted: April 17, 2025
Decided:  July 30, 2025

## ORDER

This 30th day of July, 2025, upon consideration of Defendant Anthony Fistzgiles' ("Defendant") Motion for Correction of Illegal Sentence[1] and the record in this matter, it appears to the Court that:

1. On September 27, 2021, Defendant was indicted on charges of Possession, Purchase, Ownership, or Control of a Firearm by a Person Prohibited and Carrying a Concealed Deadly Weapon ("CCDW") (Firearm).[2]

2. On August 29, 2022, Defendant pleaded guilty to Carrying a Concealed Deadly Weapon (Firearm).[3]  The Plea Agreement indicated that Defendant admitted that he had been previously convicted to the following offenses: Possession of a Firearm During the Commission of a Felony (2017), Possession of a Firearm by a

---

[1] D.I. No. 15.
[2] D.I. No. 2. According to the Indictment, the deadly weapon Defendant carried was a Glock 43 9mm handgun. *Id.*
[3] D.I. No. 10.

Person Prohibited (2016), and Carrying a Concealed Deadly Weapon (Firearm) (2015), all of which are violent felonies under 11 *Del. C.* § 4201. Both the Plea Agreement and the Truth-in-Sentencing Guilty Plea Form reflected that, pursuant to 11 *Del. C.* § 4214(d), the habitual offender statute, Defendant was facing a minimum mandatory sentence of eight years due to his previous convictions. Defendant signed both forms, acknowledging that he understood the possible sentence. On November 4, 2022, the Court sentenced Defendant to a total of eight years of unsuspended Level V sentence, followed by decreasing levels of supervision.[4]

3.      Defendant now moves for correction of an illegal sentence. In his Motion, he claims that his sentence for the CCDW charge was improperly enhanced by the sentencing judge based on the judge's own factfinding in violation of *Erlinger v. United States*[5] and its predecessors.[6]

4.      Pursuant to Superior Court Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[7] A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain

---

[4] Defendant received the following sentence: for CCDW, 15 years of Level V imprisonment, suspended after eight years for six months at Level IV, followed by 18 months at Level III. D.I. No. 14.

[5] 602 U.S. 821 (2024).

[6] *See* D.I. 15.

[7] Super. Ct. Crim. R. 35(a).

as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[8]

5. Under 11 *Del. C.* § 4214(d), any person who had been two times convicted of a violent felony and was thereafter convicted of a third or subsequent violent felony "shall receive a minimum sentence of the statutory maximum statutory penalty . . . for the third or subsequent Title 11 violent felony.[9] CCDW (Firearm) is designated as a violent felony in Title 11 of the Delaware Code,[10] and it carries a maximum sentence of eight years.[11] Therefore, the eight-year imprisonment sentence imposed by this Court is the statutory minimum sentence authorized under 11 *Del. C.* § 4214(d).

6. In *Erlinger*, the U.S. Supreme Court provided that a fact that increases a defendant's exposure to punishment, whether by triggering a higher maximum or minimum sentence, must be submitted to a jury and found unanimously and beyond a reasonable doubt.[12] But *Erlinger* does not disrupt that Court's previous ruling that such a fact can support an increased maximum or minimum sentence when it is "freely admitted in a guilty plea."[13]

---

[8] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[9] 11 Del. C. § 4214(d).
[10] 11 Del. C. § 4201(c)
[11] *See* 11 Del. C. §§ 1442(b), 4205(b)(4).
[12] *Erlinger*, 602 U.S. at 833 (quoting Alleyne v United States, 570 U.S. 99, 111–113)
[13] *Erlinger*, 602 U.S. at 834; *see Blakely v. Washington*, 542 U.S. 296, 303 (2004) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (italics in original)).

7.    The Court finds that Defendant expressly admitted he had been convicted of three prior violent felonies when he entered his plea.  Further, he consented to a waiver of his right to a jury and affirmed that he was subject to a minimum sentence of eight years as a habitual offender.  Accordingly, by virtue of his admissions, the facts required to enhance his sentence were established by his guilty plea, making *Erlinger* inapplicable.

8.    Therefore, Defendant's Motion for Correction of Illegal Sentence is hereby **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge

Original to Prothonotary
cc:    Anthony Fistzgiles (SBI #00797916)

4